J-S34023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORBIN JACOB STONE | : | |
| | : | |
| Appellant | : | No. 1663 WDA 2018 |

Appeal from the PCRA Order Entered October 16, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000891-2015

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 4, 2019**

Corbin Jacob Stone appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Stone asserts his PCRA counsel was ineffective. We affirm.

The PCRA court summarized the underlying facts as follows:

> On October 22, 2015, [Stone] and a companion were traveling back to Somerset County on State Route 31 after attending a concert in Morgantown, West Virginia. As operator of the vehicle, [Stone] was driving without a license and with a blood alcohol concentration ("BAC") of .173% According to witness accounts, prior to striking the victims' vehicle, [Stone] was driving recklessly and passing other vehicles at speeds in excess of 90 miles per hour. [Stone] struck the victims' vehicle head-on while driving in the opposite lane of traffic, resulting in both victims suffering devastating, life-altering injuries. Prior to this incident, [Stone] had an extensive prior record of D.U.I. and drug-related offenses.

> On July 14, 2016, [Stone] pled guilty to aggravated assault by vehicle while D.U.I., 75 Pa.C.S.A. § 3735.1(a); accidents involving personal injury while not properly licensed, 75 Pa.C.S.A.

_____

* Retired Senior Judge assigned to the Superior Court.

§ 3742.1; and D.U.I., 75 Pa.C.S.A. § 3802[(c)]. [Stone] and his [trial] counsel . . . requested that a full pre-sentence investigation be prepared for the [c]ourt's use in fashioning a sentence. On October 3, 2016, [Stone] was sentenced to an aggregate 8 to 16 years in a State Correctional Facility. In sentencing [Stone] outside of the recommended ranges of the Sentencing Guidelines, this Court provided the following reasons for the aggravated sentence: (1) the extremely reckless manner in which [Stone] operated his vehicle at the time of the accident; (2) the devastating physical and emotional injuries the victims suffered as a result of [Stone]'s recklessness; and (3) [Stone]'s lengthy past record of D.U.I. and drug-related offenses beginning in 2002.

PCRA Ct. Mem., 10/16/18, at 1-2 (citations to the record omitted). Stone did not file a direct appeal.

Stone filed a timely *pro se* PCRA petition on November 2, 2017,[1] claiming he was deprived of his right to effective assistance of counsel. Stone asserted his trial counsel had failed to raise at sentencing that the victims' car had dangerous, deficient airbags that were the subject of pending federal litigation; generally failed to investigate and present mitigation evidence at sentencing; and failed to challenge the court's calculation of Stone's prior record score on the basis that it erroneously included two non-judgment dispositions.

---

[1] Stone's judgment of sentence became final 30 days after he was sentenced and failed to file a direct appeal, *i.e.*, on November 2, 2016. Stone thereafter had one year, until November 2, 2017, to file a PCRA petition. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. §§ 9545(b)(1), (3). Although the PCRA court entered Stone's petition on the docket on November 6, 2017, Stone certified in the petition that he gave the petition to prison authorities for mailing on November 2, 2017. Under the prisoner mailbox rule, we treat this as the date of filing. His petition was thus timely. **See Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 n.3 (Pa.Super. 2008).

Stone retained PCRA counsel, who entered his appearance. The court held a hearing on the petition in February 2018, at which Stone's PCRA counsel was present, but Stone was not. At the commencement of the hearing, the court stated, "I am trying to figure out whether this is a preliminary PCRA hearing or a full PCRA hearing, and I'm guessing it's preliminary by the fact that the defendant isn't here." N.T., 2/24/18, at 2. Stone's counsel responded, "I suspect you're correct and I'll take that as your word." *Id.* The court then discussed with the parties the issues Stone was pursuing and his list of intended witnesses for the evidentiary hearing. At the conclusion of the preliminary hearing, the PCRA court ordered Stone to file an amended PCRA petition. Stone's PCRA counsel complied and filed an amended petition, which again raised the issue of Stone's trial counsel's ineffectiveness.

The court held an evidentiary hearing in April 2018. Stone was present at the hearing and testified. On October 16, 2018, the court dismissed the petition, finding that Stone had not proven trial counsel's ineffectiveness. The court explained that it had not included the two non-judgment dispositions in its calculation of Stone's prior record score, and that Stone failed to prove that the allegedly defective airbags were in the victims' vehicle, or the effect their presence would have had on his sentence.

Stone filed a *pro se* motion for reconsideration on November 13, 2018. Stone claimed that he had been unable to contact his PCRA counsel and assumed he was no longer represented by counsel. Stone also asserted he had evidence to substantiate his PCRA claims, which PCRA counsel had failed

to present at the evidentiary hearing. Stone stated he had evidence that the victim's vehicle had faulty airbags and had not replaced them after they were recalled by the manufacturer. Stone also asserted, for the first time, that the calculation of his prior record score was incorrect because it included two convictions in Virginia that the court had improperly scored for purposes of his prior record score. Stone argued that his PCRA counsel had been aware of Stone's evidence and arguments but failed to present them at the evidentiary hearing. The PCRA court took no action on the motion.

The next day, Stone filed a timely *pro se*[2] notice of appeal.[3] The PCRA court ordered Stone to file a Rule 1925(b) statement of errors complained of on appeal. However, the court did not send a copy of the order to Stone's PCRA counsel. After receiving a docketing statement indicating that Stone was acting *pro se* on appeal, this Court ordered the PCRA court to determine the status of Stone's representation. The PCRA court held a hearing, at which it

---

[2] A criminal defendant may file a *pro se* notice of appeal despite being represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016).

[3] Stone had thirty days from the October 16, 2018 dismissal order in which to file a notice of appeal. **See** Pa.R.A.P. 903(a). Although Stone's notice of appeal was docketed as received by the PCRA court on November 19, 2018, Stone dated it November 14, 2018. We therefore deem the date of filing as November 14, 2018, and find Stone's notice of appeal timely under the prisoner mailbox rule. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa.Super. 2007). Stone's statement in his notice of appeal that he gave the notice of appeal to prison authorities on October 14, 2018 is an obvious error. The court did not enter the dismissal order until October *16*, and Stone dated the notice of appeal *November* 14.

colloquied Stone and determined that he waived his right to counsel voluntarily, knowingly, and intelligently. The PCRA court then allowed Stone's PCRA counsel to withdraw and again ordered Stone to file a Rule 1925(b) statement.

Stone filed a *pro se* Rule 1925(b) statement, in which he asserted that PCRA counsel had been ineffective for failing to properly present Stone's claims and evidence of his trial counsel's ineffectiveness at both the preliminary hearing and the evidentiary hearing. In his appellate brief, he raises the following issues:

> I. Whether the PCRA court erred when it conducted what was described as a preliminary PCRA hearing without [Stone] being present?
>
> II. Whether PCRA counsel was ineffective when he (a) failed to make arrangements to have [Stone] present at the preliminary PCRA hearing; and failed to make [Stone] aware of what transpired at the hearing?
>
> III. Whether PCRA counsel was ineffective because he (a) did not have [Stone] verify that the attorney filing the petition is authorized by [Stone] to file the petition; and (b) when counsel failed to provide [Stone] with a copy of the court ordered amended PCRA petition and the Commonwealth's answer, which [Stone] had to obtain from the clerk of court and [Stone] was prejudiced because [PCRA counsel] did not argue that the PRS was incorrect?
>
> IV. Whether PCRA counsel was ineffective for (a) not filing a brief after the April hearing explaining that [Stone's] possession of heroin charge in Virginia is only an "m" in Pennsylvania; and (b) not submitting a copy of the NHSTA recall notice recalling the victims' car?

Stone's Br. at 2-3 (answers below omitted).

"When reviewing the denial of a PCRA petition, this Court's standard of review is limited 'to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error.'" **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (quoting **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018)).

Stone's first issue, that the court erred in conducting the initial PCRA hearing without Stone's presence, is waived. Stone did not raise this issue in the trial court or include it in his Rule 1925(b) statement. **See** Pa.R.A.P. 302(a); 1925(b)(4)(vii).

Stone's remaining issues go to the ineffectiveness of his PCRA counsel. The PCRA court states in its Pa.R.A.P. 1925(a) opinion that Stone never presented the claims of PCRA counsel's ineffectiveness prior to the appeal. Stone argues he presented these claims to the PCRA court in his *pro se* motion for reconsideration and that we therefore may review them. Stone cites in support **Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011).

To the extent Stone asserted PCRA counsel's ineffectiveness in the motion for reconsideration, that motion was inadequate to preserve any claims because Stone was still represented by counsel and he could not engage in hybrid representation. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010); **Commonwealth v. Ford**, 44 A.3d 1190, 1199-1200 (Pa.Super. 2012) (acknowledging that "because petitioners are not permitted to pursue hybrid representation and counsel cannot allege his own ineffectiveness, claims of

PCRA counsel ineffectiveness cannot ordinarily be raised in the state post-conviction proceeding below").

He therefore in effect raises PCRA counsel's ineffectiveness for the first time on appeal, which he may not do. **See Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa.Super. 2015). In the context of a petitioner's first PCRA petition, for which a petitioner has a rule-based right to effective assistance of counsel, a petitioner may raise claims of PCRA counsel's ineffectiveness in the PCRA court in response to the court's Rule 907 notice of its intent to dismiss the petition. **Id.** at 1053. If the PCRA court holds an evidentiary hearing, and therefore does not issue a Rule 907 notice, a petitioner may raise ineffective assistance of PCRA counsel in a subsequent PCRA petition. **See Jette**, 23 A.3d at 1044 n.14; **see also Commonwealth v. Henkel**, 90 A.3d 16, 29 (Pa.Super. 2014) (*en banc*) ("issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court") (quoting **Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa.Super. 2012)).

We decline, under the facts of this case and the argument before us, to sanction a new procedure by which a petitioner can raise claims of PCRA counsel's ineffectiveness. **Jette** does not require a different result. There, the PCRA court held an evidentiary hearing on Jette's petition, and then dismissed it. Jette's PCRA counsel presented several issues on appeal, but Jette simultaneously filed a *pro se* document raising PCRA counsel's ineffectiveness. The Pennsylvania Supreme Court held that Jette could not raise the claims of

PCRA counsel ineffectiveness on appeal while still represented by PCRA counsel, and could not request self-representation after his counsel had filed an appellate on his behalf. 23 A.3d at 1044.

The Court then stated, in a footnote, "[I]f an appellant remains adamant that the claims foregone by counsel provide the better chance for success, he can avoid the potential loss of those claims by timely exercising his desire to self-represent or retain private counsel prior to the appeal." ***Id.*** at 1044 n.14. This language indicates that a PCRA petitioner may preserve **claims foregone by his PCRA counsel**, once the petitioner learned PCRA counsel did not intend to advance them, by timely requesting the release of his appointed counsel and presenting the additional claims himself or by private counsel. The Court acknowledged "[w]hile difficult, the filing of a subsequent timely PCRA petition is possible, and in situations where an exception pursuant to § 9545(b)(1)(i-iii) can be established a second petition filed beyond the one-year time bar may be pursued." ***Id.*** The Court in ***Jette*** nowhere suggested that a PCRA petitioner could preserve claims of PCRA counsel's ineffectiveness in a *pro se* motion for reconsideration while still represented by counsel.

We therefore decline review of Stone's claims of ineffectiveness of PCRA counsel at this time. Stone may raise them in a subsequent, timely, PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2019